MARY CIURCIU AND ANTHONY CIURCIU, PLAINTIFFS-RESPONDENTS, v. MODELL'S SHOPPERS WORLD AND UNISHOPS INC., DEFENDANTS-APPELLANTS.

Argued February 22, 1971—Decided April 5, 1971.

*Mr. H. Frank Pettit* argued the cause for appellants (*Messrs. Pettit, Carlton & Higgins,* attorneys).

*Mr. Seymour Chase* argued the cause for respondents (*Mr. Gerald J. Oratio*, on the brief).

PER CURIAM. The sole issue is whether the defendants were correctly limited to six peremptory challenges. We certified the case before argument in the Appellate Division.

The action was for personal injuries sustained in a large retail establishment. Defendant Modell's Shoppers World was the owner and defendant Unishops Inc. was its tenant operating a concession. The lease required Modell's to provide liability insurance for Unishops, and Modell's was potentially liable to Unishops under a covenant in the lease. The carrier for the owner undertook the defense of both Modell's and Unishops, and the attorney selected by the carrier represented both of them. It is agreed their interests were identical. Indeed, the trial court instructed the jury to deem these defendants to be one, and defendants agree that charge was appropriate.

██ *R.* 1:8–3(c) provides that "In every civil action, the parties shall each be entitled to 6 peremptory challenges * * *." *N. J. S. A.* 2A:78–7 likewise gives six peremptory challenges to "each party" in a civil action. The history of the peremptory challenge is recounted in *Roberts v. Saunders*, 118 *N. J. L.* 548, 554 (E. & A. 1937). The statute there provided that "each party" shall have six peremptory challenges. The court construed the statute to mean "that where the interests and claims of the codefendants are directly antagonistic or essentially different each defendant is entitled to the statutory number of challenges." See also *Levenstein v. Squires*, 8 *N. J. Super.* 53, 55 (App. Div. 1950). But multiple parties constitute a single party within the rule if their interests in the trial are essentially the same. This is the general view of such statutes. Annotation, 32 *A. L. R.* 3d 747 (1970). Our rule of court made no departure. In the case at hand, the interests of the defendants in the defense of the action were not antagonistic. On the contrary they were identical. To accord each of them

a full set of challenges would create an imbalance in their favor as against the plaintiffs with respect to the selection of a jury impartial as to the subject matter of the litigation.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.